(88 App. Div. 237.)

MAIN et al. v. PENDER.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. BILL OF PARTICULARS — STATEMENT OF ACCOUNT — DEMAND — MOTION TO
   STRIKE—TIME OF HEARING.
   Code Civ. Proc. § 531, provides that, where a party does not set out the
   items of an account, the opposing party may demand a statement of the
   items within 10 days, and on failure to give the same the party alleging
   the account shall be denied the privilege of offering evidence. In an
   action for damages for an unauthorized signing by defendant of her
   husband's name to an order for a quantity of jewelry, the action sound-
   ing in tort, but being on a contract alleging an account, defendant de-
   manded a bill of particulars. Held that, as there might be some question
   of the propriety of the demand, a motion by plaintiff to strike the demand
   was properly heard and decided within the 10 days.

Appeal from Special Term, Washington County.

Action by Willard F. Main and others against Mary Pender. From
an order striking out defendant's demand for bill of particulars of
items of the complaint, she appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, and CHES-
TER, JJ.

A. D. Arnold, for appellant.
Erskine C. Rogers, for respondents.

CHESTER, J. The order appealed from is one striking out de-
fendant's demand for a bill of particulars of various items of damages
alleged in the complaint, with costs. The complaint alleges a cause of
action for damages for an unauthorized signing by the defendant of
her husband's name to an order for a quantity of jewelry. The action
sounds in tort, and is on a contract alleging an account. The case is
not one where the defendant had a right, under section 531 of the
Code of Civil Procedure, to demand from the plaintiffs a copy of the
items of the account alleged in the complaint, for there was no such
account alleged, but it was a case where the defendant might properly
have applied to the court under that section for an order directing
the plaintiffs to deliver a bill of the particulars of the plaintiffs' claim
to the defendant. Instead of so applying, the defendant's attorney
served upon the plaintiffs' attorney a written demand for a bill of par-
ticulars. Plaintiffs' attorney immediately thereafter made a motion
to strike such demand from the case on the ground that it was im-
proper. The motion was heard and decided within 10 days after serv-
ice of the demand. From an order granting the motion this appeal
is taken.

If such demand had been a proper one, failure to comply therewith
within 10 days might have subjected the plaintiffs to an order pre-
cluding them from giving evidence on the trial of the matters de-
manded. If the motion had not been made and decided within 10
days, plaintiffs' attorney would have been at the hazard of determining
for his clients whether it was a proper one which should be complied
with, or whether it was improper, and one which could safely be dis-
regarded. In this case there would not seem to be much, if any,
doubt that under this complaint a demand was not proper; yet lawyers,

and possibly courts, might differ upon that question. That being so, it seems to me that the plaintiffs' attorney was correct in his practice in making the motion to strike out or to nullify the demand so as to have the question as to its propriety determined by the court before his 10 days for complying, if it should be held to be a proper one, expired. It is no more reasonable to require him to determine the question as to the propriety of the demand than to subject the attorney who makes an improper demand to the hazard of having such demand stricken out or nullified, with costs. The order appealed from was therefore right, and was the practice sanctioned in the somewhat similar case of Dowdney v. Volkening, 37 N. Y. Super. Ct. 313, where an order denying a motion to strike out a demand for a bill of particulars was reversed.

The case of Barkley v. Rensselaer & Saratoga Railroad Co., 27 Hun, 515, is not an authority against the conclusion here reached. There a demand had been made for the items of an account where an account had been alleged in the complaint, and the court reversed an order setting aside such demand, which is quite a different case from that presented here.

The order should be affirmed, with $10 costs and disbursements. All concur.