without challenge of the right so to do until about the time of the commencement of this action, used $^{620}/_{1915}$, or nearly one-third of the flow of water in said flume, measured as in said findings stated; and it further finds and adjudges that the defendant, relying upon such measure of the 620 inches as so practically adopted and long acquiesced in by the plaintiff and its grantors, has expended a large amount of money on its said property. If a right to flow water through said flume can be said to be an easement appurtenant to lot 2 or the dam, and that such easement has been conveyed to the plaintiff by conveyances other than those conveying lots 7 to 15, inclusive, it should not affect the result in this case if the trial court was right in its said findings as to the practical construction of the deeds to the grantors of the parties, respectively.

As between the parties to this action, through whose lands the flume is erected, and who seem to hold their rights in the water therein by grant of a specific number of inches (except as to such one-half of one-eighth), a division of the water in the proportion which each holds such specific grants of water is equitable. And as the use by the defendant and its predecessors in title for a long period of years of approximately $^{620}/_{1915}$ of the water in said flume, and the payment by it and its predecessors in title during said years of $^{620}/_{1915}$ and more of the expense of maintaining said flume, bulkhead, and dam is substantially undisputed, we cannot say that the trial court was in error in holding that the defendant is entitled to continue the use of $^{620}/_{1915}$ of the water of said flume as stated in the judgment. And the court could have further found that the defendant, by its use of such proportion of the water of the flume for so long a period of time under the conditions and claims shown by the record, acquired by prescription a right so to use the same. The practice in equity is to give relief adapted to the situation at the time of the decree. Peck v. Goodberlett, 109 N. Y. 180, 16 N. E. 350; Van Allen v. New York E. R. R. Co., 144 N. Y. 174, 38 N. E. 997; 16 Cyc. 479. The order which refused to modify the judgment so as to make it speak as of the time of the commencement of the action is right.

The judgment should be affirmed, with costs, and the order should be affirmed, with $10 costs and disbursements. All concur, except SMITH and HOUGHTON, JJ., who dissent.

---

(47 Misc. Rep. 5.)

### STONE v. HUDSON VALLEY RY. CO.

(Supreme Court, Special Term, Fulton County. April, 1905.)

1. PLEADING—BILL OF PARTICULARS.

    An action to recover the amount of certain assessments made by a casualty association against a member is not an action on an account between the parties, authorizing a bill of particulars.

2. MOTION—STRIKING OUT—HEARING.

    Where a motion for a bill of particulars to be served within 10 days was improper, the fact that a motion to strike out was heard after the expiration of the 10 days is no ground for refusing a motion.

Action by Theodore W. Stone, receiver of the Electric Mutual Casualty Association of Philadelphia, against the Hudson Valley Railway Company. Motion by plaintiff to strike out demand of defendant for a bill of particulars. Granted.

Horace E. McKnight, for the motion.

W. S. Kiley, opposed.

SPENCER, J.   This action is not upon an account, but to recover the amount of certain assessments which the association represented by the plaintiff made against the Stillwater & Mechanicville Street Railway Company, the predecessor of the defendant railway company.   The assessments so sought to be recovered do not in any sense constitute an account between the parties.    1 Nichol, Pr. 857.   Therefore the demand for a bill of particulars cannot be regarded as serving the purpose of a demand for a copy of an account under the provisions of section 531 of the Code of Civil Procedure.   There is no provision in the Code of Civil Procedure authorizing the service of a demand for a bill of particulars. Relief of that character is obtained by motion and pursuant to an order of the court.   The demand, therefore, served in this case was a nullity, and the plaintiff might properly have disregarded it.

The case of Main v. Pender, 88 App. Div. 237, 85 N. Y. Supp. 428, is an authority that, where an improper demand for a bill of particulars is served, the opposing party has the right to have it stricken from the case.   In that case the motion was made and heard within 10 days after the service of the demand, and in that regard differs from the one at bar, as here the service of the demand was made on the 11th day of March and the motion to strike out was heard on the 25th of March, at a date subsequent to the expiration of the 10 days mentioned in the demand.   I fail, however, to see how that fact affects the rights of the plaintiff.   The defendant took its chance of having the improper demand stricken from the case, and the plaintiff, in making this motion, took his chance of having his motion denied on the ground that the demand for a bill of particulars was equivalent to a demand for an account.   In Main v. Pender, supra, the cause of action was in tort.   Nevertheless the court was of the opinion that the question whether the demand was proper or not was one upon which lawyers and possibly courts might differ; and therefore the plaintiff was correct in his practice in making his motion to strike out or nullify the demand.   If such was the case there, the greater reason for his motion appears here, because a still more doubtful question may be said to exist as to whether the action is one where a demand for a copy of account is proper; the defendant's attorney having in his brief made the claim that the action is one wherein a demand for a copy of account is proper.   I think, therefore, the motion must prevail, and an order granted striking out the demand as improper, with costs.

Ordered accordingly.